U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED | OCT 19 2016

WILLIAM W. BLEVINS
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

J D JORDAN, Pro se,
a shareholder of Freeport McMoran

Plaintiff

16-15715

-v-

SECT. H MAG. 1

JAMES FLORES,
Vice Chairman of the Board, Director of
Freeport McMoran INC and
FREEPORT MCMORAN

Private Right of Action under Section 16 b
of the Securities Act of 1934

Defendants

Civil Action No.

## COMPLAINT
## JURY TRIAL DEMANDED

Plaintiff, alleges, based upon knowledge with respect to the facts relating to him and upon information and belief with respect to all other allegations, as follows:

### INTRODUCTION

This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), [15 U.S.C. 78p(b)] ("Section 16(b)") in order to recover short-swing insider trading profits realized by defendant James Flores while he was statutory insider of Freeport McMoran Inc.

James Flores at all relevant times was an officer of Freeport McMoran Inc. within the meaning of Section 16(b).

1

✓ Fee $400^{00}$
___ Process _____
X  Dktd _____
___ CtRmDep _____
___ Doc. No. _____

Section 16(b) requires company insiders to disgorge any profits earned through short-swing insider trading (i.e., purchases and sales, or sales and purchases, of the company's securities, within less than a  six month period). Actual misuse of inside information is not an element of the claim although the statute embodies a presumption that statutory insiders have access to such inside information

## PARTIES

- Plaintiff J D Jordan is a shareholder of Freeport McMoran Inc.

- Defendant James Flores maintains his principal office at 700 Milam, Suite 3100, Houston Texas 77002

- Defendant  Freeport McMoran Inc.


Freeport McMoran Inc, Common Stock is registered with the SEC pursuant to Section 12 of the Exchange Act and the Common Stock trades on the NASDAQ and NYSE under the symbol FCX .

Freeport McMoran is a necessary party as this action is brought by Plaintiff in order to obtain a recovery for the Firm.

## JURISDICTION AND VENUE

Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa].

Venue is properly laid in this District because Defendant  James Flores is located in this District.

2

1

2

3

4

5

6 <u>SUBSTANTIVE ALLEGATIONS</u>

7 In a Form 4 filed with the SEC on 9/8/2015, James Flores reported that on 9/04/2015

8 he had purchased 2,200,000 shares of Freeport McMoran Inc stock for $9.701 per
share in the trading markets. It is undisputed that this transaction was not exempt from

9 Section 16 b of the 1934 Securities Act.

10

11 In a Form 4 filed with the SEC on 4/2/2015, James Flores reported that on 3/31/2015,
he disposed of 12,149 shares to the issuer Freeport McMoran upon vesting of 28,962

12 stock settled restricted stock units when the price was reported to be $19.38. See
attached Exhibit 1.

13

14 The dispositions to Freeport McMoran as reported occurred within less than six
months prior to the purchase of 2,200,000 shares on 9/4/2015 for $9.7015 per share.

15

16 The profits from the non-exempt purchase of 12,149 on 9/4/2015 matched with the

17 dispositions (i.e. non-exempt sales) of 12,149 shares on 3/31/2015 resulted in a profits
of $117,590.

18

19

20

21

22

23

24

25 3

26

27

28

## BASIS FOR INFORMATION AND BELIEF

Plaintiff's information and belief is based on, among other things, the SEC Form 4s referenced herein and the violations of the Securities law as described below

## ALLEGATIONS AS TO DEMAND

Plaintiff notified Freeport Mcmoran of the facts alleged above (the "Demand"). Attorneys for Freeport McMoran refused to request disgorgement of the profits from Mr. Flores and refused to file suit to recover such profits totaling $117,590, after 60 days have passed from the 60 days notices were received by Freeport McMoran.

The attorneys for Freeport Mcmoran in letters to Plaintiff, Mr. Jordan alleged that the dispositions from Mr. Flores to Freeport McMoran on 3/31/2015 were exempt from Section 16 b of the 1934 Act via SEC Rule 16 b-3(e) and thus the attorneys alleged that the dispositions could not be matched with the purchases on 9/4/2015.

Plaintiff claims that, among other facts, that there was no proper approval of the dispositions from Mr. Flores to Freeport McMoran on 3/31/2015 and no exemptions from Section 16 b of the 1934 Securities Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant Mr. James Flores in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

The amount to be at a minimum of $ 117, 590

DATED this 11 day of October , 2016.

(J.D Jordan

This envelope is made from post-consumer waste. Please recycle - again.

# PRIORITY
★ MAIL ★

DATE OF DELI

USPS TRACKIN

INSURANCE IN

PICKUP AVAILA
* Domestic only

WHEN USED INTERNATIONAL
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

**Overnight Priority**

ED*

Expected Delivery Day: 10/19/2016
USPS TRACKING NUMBER

9505 5141 6736 6292 0315 11

13

C+5

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

FROM:

JD Jordan
Box 23866
New Orleans La 70183

TO:

Clerk of Court
United States District Court
US Courthouse
Eastern District
Room C-151
500 Poydras St.
New Orleans La 70130

**UNITED STATES POSTAL SERVICE®**

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a